```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

LEVETTE K. BYNUM                    :

                                :

   v.                      : Civil Action No. DKC 2004-2154

                                :

ESSILOR LABORATORIES OF
AMERICA, INC.                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is the unopposed motion of Essilor Laboratories of America, Inc. to dismiss or for summary judgment concerning Plaintiff's Amended Complaint. Plaintiff, who was previously represented by counsel, but is now proceeding *pro se*, was advised of her opportunity to respond, but nothing has been filed. For the following reasons, the motion will be denied in part and granted in part.

**I. Background**

Plaintiff's Amended Complaint purports to allege racial discrimination in employment, specifically (1) wrongful termination in violation of Maryland public policy articulated in Art. 49B, §§ 16(a)(1) and 14, and (2) a violation of The Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq*. Plaintiff alleges that she, an African American woman, was hired in April of 1980 to work in Defendant's Annapolis, Maryland

Branch; that she was entitled to medical leave under The Family and Medical Leave Act of 1993; that all of Plaintiff's absences from work during the period March 2003 thru February 2004 were due to serious health conditions suffered by herself and her spouse; that Plaintiff provided Defendant with documentation from her medical providers for each absence; and that on February 18, 2004, Defendant terminated Plaintiff's employment on the grounds of excessive absences.  She also alleges that Defendant's employment policies contain an allowance for sick leave and vacation leave, and that, at the time of her discharge, Plaintiff had vacation leave remaining.  She further alleges that similarly situated Caucasian employees with more absences that were not supported by medical documentation were not terminated.

   Defendant moves to dismiss or for summary judgment on the grounds that (1) the public policy Plaintiff points to does not support a claim for wrongful discharge, and (2) Plaintiff's claim under the Family and Medical Leave Act ("FMLA") fails because Essilor does not employ 50 or more employees at Plaintiff's former work site or within a 75 mile radius of that location, and therefore, Plaintiff is not an "eligible employee" subject to the protections of the FMLA.

**II.   Count I: Wrongful Discharge**

2

### *A.  Standard of Review*

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  The court must disregard the contrary allegations of the opposing party.  *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969).  The court need not, however,

3

accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### *B.   Analysis*

In Maryland, a wrongful discharge cause of action may be sustained when an at-will employee is terminated in contravention of "some clear mandate of public policy." *Adler v. Am. Standard Corp.*, 432 A.2d 464, 473 (Md. 1981). "The complaining party must plead with particularity the source of the public policy" allegedly violated by her termination. *Porterfield v. Mascari II, Inc.*, 823 A.2d 590, 596 (Md. 2003); *King v. Marriott Int'l, Inc.*, 866 A.2d 895, 903 (Md.Ct.Spec.App. 2005) (quoting *Porterfield v. Mascari II, Inc.*, 788 A.2d 242 (Md.Ct.Spec.App. 2002), *aff'd*, 823 A.2d at 609).  Defendant argues that Maryland courts have held that statutes which contain civil remedies, such as Article 49B of the Maryland Code, may not form the basis for a wrongful discharge claim under Maryland law, citing *Makovi v. Sherwin-Williams Co.*, 316 Md. 603, 561 A.2d 179 (1989); *Chappell v. Southern Maryland*

4

*Hospital*, 320 Md. 483, 578 A.2d 766 (1990); *Jones v. Giant Food, Inc.*, 2000 WL 1828283 (D.Md. Nov. 27, 2000); and *Orci v. Instituform East, Inc.*, 901 F.Supp. 978 (D.Md. 1995).

It is correct that the Maryland courts have severely limited the tort of abusive or wrongful discharge, and have specifically held that

> "[w]here the public policy foundation for the abusive discharge claim is expressed in a statute, and that statute already contains a remedy for vindicating the public policy objectives, then judicial recognition of an abusive discharge claim is considered both redundant and inappropriate." *Miller v. Fairchild Indus.*, 97 Md.App. 324, 338, 629 A.2d 1293, 1300 (Md.Ct.Spec.App.), *cert. den.*, 333 Md. 172, 634 A.2d 46 (1993). Therefore, in abusive discharge claims motivated by employment discrimination already prohibited by Title VII and Article 49B of the Maryland Code, statutes which provide remedies for that type of discrimination, "the generally accepted reason for recognizing the tort, that of vindicating an otherwise civilly unremedied public policy violation, does not apply." *Makovi v. Sherwin-Williams Co.*, 316 Md. 603, 626, 561 A.2d 179, 190 (Md.1989). *See also Chappell v. Southern Md. Hospital, Inc.*, 320 Md. 483, 578 A.2d 766 (Md.1990) (abusive discharge claim could not lie where state and federal minimum wage laws provided remedies); *Glezos v. Amalfi Ristorante Italiano, Inc.*, 651 F.Supp. 1271, 1276 (D.Md.1989) (constructive discharge claim could not lie where claim brought under Title VII and art. 49B, which provide exclusive federal and state remedies, respectively, to vindicate sex discrimination in employment). *But see*

> *Kerrigan v. Magnum Entertainment, Inc.*, 804 F.Supp. 733 (D.Md. 1991) (allowing cause of action for wrongful discharge based on sex discrimination where plaintiff lacked alternative statutory remedies because her employer was exempted from Title VII and art. 49B).

*Lambright v. Rhone-Poulenc Rorer Pharmaceuticals Inc.*, 1995 WL 375589, at *4 (D.Md. 1995).

In the context of Art. 49B, however, a small window may still exist. In *Molesworth v. Brandon*, 672 A.2d 608 (Md. 1996), the Court of Appeals of Maryland allowed a case to proceed where the plaintiff's employer, which was technically exempt from the statute because it had fewer than 15 employees, was still subject to the public policy demonstrated in the statute:

> We hold, therefore, that Art. 49B, § 14 provides a clear statement of public policy sufficient to support a common law cause of action for wrongful discharge against an employer exempted by Art. 49B, § 15(b). Section 15(b) merely excludes small employers from the administrative process of the Act, but does not exclude them from the policy announced in § 14. The General Assembly did not intend to permit small employers to discriminate against their employees, but rather intended to promote a policy of ending sex discrimination statewide.

*Molesworth*, 672 A.2d at 616. It is thus theoretically possible that Plaintiff states a claim, if Essilor Laboratories employs fewer than 15 employees. The affidavit provided for purposes of

count II only states that it had fewer than 50 employees, but is silent as to whether it had more than 15. If Defendant supplies evidence that it employed more than 15 employees at the time of Plaintiff's termination, then count one is subject to dismissal. If fewer than 15 people were employed, then Plaintiff may pursue the wrongful termination claim and Defendant's argument presented in footnote two of its memorandum concerning the failure to participate in discovery will need to be addressed. *See* Paper 22 at 5 n.2. Accordingly, this portion of the motion will be denied. Defendant will be directed to file either (1) an affidavit stating whether it had 15 or more employees and/or (2) a fuller statement of any grounds for sanctions concerning discovery lapses.

**III. Count II: Family and Medical Leave Act**

   *A.  Standard of Review*

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor

of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1987).  The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Catawba Indian Tribe of South Carolina v. State of S.C.*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).

### B. *Analysis*

Defendant argues that summary judgment is appropriate on this claim because Plaintiff does not qualify as an "eligible employee" entitled to invoke the provisions of the FMLA, citing *Muller v. Hotsy Corp.*, 917 F.Supp. 1389, 1418-19 (N.D. Iowa 1996) (summary judgment appropriate where plaintiff not an "eligible employee" due to 50 employee worksite requirement); *Schlett v. Avco Financial Services, Inc.*, 950 F.Supp. 823, 835 (N.D. Ohio 1996) (summary judgment granted where employer demonstrated that it employed less than 50 employees within 75 miles of plaintiff's former place of employment); and *Morrison v. Amway Corp.*, 336 F.Supp. 2d 1193 (M.D. Fla. 2003), *aff'd*, 383 F.3d 1253 (11th Cir. 2004) (same).

8

Although Plaintiff alleges that she was an "eligible employee" entitled to FMLA coverage, the undisputed facts show that she was not because Essilor neither employed 50 or more employees at Plaintiff's work site nor did it have 50 or more employees within 75 miles of that work site. The FMLA states:

> The term "eligible employee" does not include . . . any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

29 U.S.C. § 2611(2)(B)(ii).

As set forth in the uncontroverted Affidavit, Plaintiff was not an "eligible employee" entitled to protection under the FMLA because Essilor neither employed 50 or more employees at Plaintiff's work site nor did it have 50 or more employees within 75 miles of that work site. Haro Aff., ¶ 4. As Plaintiff was not an eligible employee under the FMLA and subject to the statute's protection, summary judgment will be granted in favor of Essilor and against Plaintiff.

**IV. Conclusion**

As stated above, it is possible that Plaintiff has stated a claim for wrongful termination depending on the number of employees Defendant had in Maryland at the time, so the motion

to dismiss count I will be denied.  Count II, however, fails inasmuch as Plaintiff was not an eligible employee for purposes of the FMLA.  A separate order will be entered.

                                                                                       /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge

June 20, 2005